IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CR-41-11FL

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>ANTONIO WILLIAMS, )<br>    Defendant. ) | **ORDER** |

This matter is before the court on the following motions filed by Defendant Antonio Williams:

    1.    Motion to sequester government witnesses, filed September 12, 2014 [DE #263];

    2.    Motion for disclosure of Rule 807 evidence, filed September 12, 2014 [DE #260];

    3.    Motion for disclosure of *Brady/Giglio* material, filed September 12, 2014 [DE #262];

    4.    Motion for all Jencks Act material, filed September 12, 2014 [DE #261]; and

    5.    Motion for notice of intent to use Rule 404(b) evidence, filed September 12, 2014 [DE #259].

The government has responded to Defendant's motions, and the time for further filings has expired. The motions were referred to the undersigned for disposition by United States District Judge Louise W. Flanagan.

**BACKGROUND**

Defendant Antonio Williams is one of twelve defendants in this case. On May 27, 2014, a federal grand jury returned a true bill of indictment charging Williams with conspiracy to

distribute and possess with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 846 and conspiracy to import a quantity of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960 and 963. Williams is set to be arraigned on October 16, 2014. Before the court are a number of pretrial motions filed by Williams.

**DISCUSSION**

**I.     Motion to Sequester Witnesses**

Pursuant to Rule 615 of the Federal Rules of Evidence, Defendant Williams seeks an order (i) excluding all government witnesses from the courtroom during the examination of other witnesses; and (ii) prohibiting the prosecutor and the government's case agent(s) from revealing anything about the trial testimony of witnesses to other individuals whom the government will call to testify at trial. "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Furthermore, "[e]ach witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial." *United States v. McCall*, No. 5:12-CR-351-10F, 2013 WL 2382306, at *1 (E.D.N.C. May 30, 2013) (citing *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000)). Pursuant to the rule, the government may exempt from sequestration one investigative agent involved in the criminal prosecution. *See* Fed. R. Evid. 615(b) (exempting from exclusion "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"). "Under this exception [to Rule 615], the district court may allow the government's chief investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify." *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986).

2

The government acknowledges that sequestration is mandatory upon a party's request. Nevertheless, the government seeks leave to request that additional case agents be permitted to remain in the courtroom should the need arise. Only one case agent may be exempted from sequestration under the exception set forth in Rule 615(b). *Farnham*, 791 F.2d at 334-35. However, Rule 615 also authorizes the court to exempt from sequestration "a person whose presence a party shows to be essential to presenting the party's claim or defense." *See* Fed. R. Evid. 615(c). Should the government determine that the presence of more than one case agent is necessary, it may make an appropriate request pursuant to Rule 615(c) prior to or at the time of trial.

To the extent Defendant Williams requests that the prosecutor be prohibited from revealing trial testimony to other witnesses, that request must be denied. "Rule 615 does not prevent the government's prosecutor from discussing with government investigating agents or non-law enforcement witnesses who will testify at trial the testimony of previously called witnesses." *McCall*, 2013 WL 2382306, at *2. Witness sequestration "is 'designed to discourage and expose fabrication, inaccuracy, and collusion.'" *Rhynes*, 218 F.3d at 317 (quoting *Opus 3 Ltd. v. Heritage Park, Inc.,* 91 F.3d 625, 628 (4th Cir. 1996)). Lawyers are not like witnesses; they have ethical obligations that distinguish them from trial witnesses. As officers of the court, lawyers owe the court a duty of candor. *Id.* at 318. They are forbidden from presenting perjured testimony, and "may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false." N.C. Revised Rules of Prof'l Conduct 3.3(a) (2013).

Accordingly, Defendant's motion to sequester witnesses is GRANTED IN PART and DENIED IN PART. The court orders sequestration of all testifying witnesses with the exception

3

of one case agent designated by the United States, Defendant, and such other witnesses as the court may determine are essential to the presentation of a party's claim or defense. All witnesses shall be prohibited from revealing any trial testimony to a witness that has not yet testified. To the extent Defendant seeks an order preventing the prosecutor from discussing with witnesses the testimony of previously called witnesses, that request is denied.

## II. Request for Notice of 807 Evidence

Plaintiff additionally seeks an order requiring the government to disclose any evidence it anticipates introducing against Williams pursuant to Fed. R. Evid. 807 during any hearing or during trial. Rule 807 provides that hearsay evidence is admissible under certain circumstances. Fed. R. Evid. 807(a). However, "[t]he statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b). The government indicates that it is not aware of any evidence it will seek to introduce under this rule and is aware of its ongoing discovery obligations. Williams' motion gives no indication that the government has failed to meet this obligation. Thus, a court order is not necessary at this time, and the motion is DENIED.

## III. *Brady/Giglio* Motion

Defendant also moves the court for an order requiring the immediate production of exculpatory and impeachment evidence. Under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), the government need only disclose exculpatory and impeachment evidence "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). The government asserts that it has provided to Defendant all discoverable material available at this time, with the exception of plea agreements

4

and criminal histories of potential witnesses. The government further states that it is aware of its obligations under *Brady* and *Giglio* and that it intends to provide copies of any plea agreements and criminal records of witnesses to Defendant no later than the Thursday prior to trial. The court credits the government's assertion that it will comply with *Brady* and *Giglio* and, accordingly, DENIES Defendant's *Brady/Giglio* motion.

## IV.    Request for Jencks Act Material

Defendant also asks for early disclosure of Jencks Act materials. The government is obligated to disclose witness statements in its possession *after* a witness has completed his testimony on direct examination. *See* 18 U.S.C. § 3500. As such, this motion is premature. Defendant "acknowledges to this Court that [his] request is in contradiction of current Fourth Circuit law regarding early disclosure of 'Jencks' material" but argues for reconsideration of Fourth Circuit precedent. (Mot. for Jenks Material at 2); *see also United States v. Lewis*, 35 F.3d 148 (4th Cir. 1994). Because Fourth Circuit precedent is binding on this court, Defendant's motion is DENIED.

## V.    Request for Notice of Intent to Use Rule 404(b) Evidence

Defendant next asks the court to order the government to provide notice of Rule 404(b) evidence. Under Rule 404(b), the government is obligated to notify a defendant if it intends to use evidence of the defendant's prior bad acts under Rule 404(b). *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts . . . [may be admissible] provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."). In its response to Defendant's motion, the government states that it is aware of its obligation to provide reasonable notice and

5

will abide by the requirements of Rule 404(b).  There being no indication that the government has failed to meet its obligations under the rule, the court DENIES Defendant's motion.

## CONCLUSION

For the foregoing reasons, the court enters the following orders:

1. Defendant's motion to sequester government witnesses [DE #263] is GRANTED IN PART and DENIED IN PART;

2. Defendant's motion for disclosure of Rule 807 evidence [DE #260] is DENIED;

3. Defendant's motion for disclosure of *Brady/Giglio* material [DE #262] is DENIED;

4. Defendant's motion for all Jencks Act material [DE #261] is DENIED; and

5. Defendant's motion for notice of intent to use Rule 404(b) evidence [DE #259] is DENIED.

This 3rd day of October 2014.

*/s/ Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge